UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID SCOTT NELSON,<br><br>          Plaintiff,<br><br>     v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>          Defendant. | Case No. CV 14-6460 JC<br><br>MEMORANDUM OPINION |

**I.      SUMMARY**

On August 19, 2014, plaintiff David Scott Nelson ("plaintiff") filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits.  The parties have consented to proceed before the undersigned United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion").  The Court has taken both motions under submission without oral argument.  See Fed. R. Civ. P. 78; L.R. 7-15; August 25, 2014 Case Management Order ¶ 5.

///

///

Based on the record as a whole and the applicable law, the decision of the Commissioner is AFFIRMED. The findings of the Administrative Law Judge ("ALJ") are supported by substantial evidence and are free from material error.

## II.  BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On October 3, 2012, plaintiff filed an application for Disability Insurance Benefits. (Administrative Record ("AR") 18, 144). Plaintiff asserted that he became disabled on April 15, 2011, due to rheumatoid arthritis. (AR 18, 162). The ALJ examined the medical record and heard testimony from plaintiff (who was represented by counsel) and a vocational expert on December 16, 2013. (AR 38-57).

On January 15, 2014, the ALJ determined that plaintiff was not disabled through the date of the decision. (AR 18-24). Specifically, the ALJ found: (1) plaintiff suffered from the following severe impairments: degenerative disc disease (lumbar spine) and sciatica knee osteoarthritis (AR 20); (2) plaintiff's impairments, considered singly or in combination, did not meet or medically equal a listed impairment (AR 20); (3) plaintiff retained the residual functional capacity to perform sedentary work (20 C.F.R. § 404.1567(a)) with additional limitations[1] (AR 21); (4) plaintiff could perform his past relevant work, specifically as a purchasing manager (as plaintiff performed the position), and as a purchasing assistant (as generally performed in the national economy) (AR 23); and (5) plaintiff's allegations regarding his limitations were not entirely credible (AR 21).

The Appeals Council denied plaintiff's application for review. (AR 1).

///

---

[1] The ALJ determined that plaintiff could (i) lift 5 pounds frequently, and 10 pounds occasionally; (ii) stand two hours out of an eight-hour day; (iii) sit six hours out of an eight-hour day; and (iv) occasionally bend/stoop. (AR 21).

## III. APPLICABLE LEGAL STANDARDS

### A. Sequential Evaluation Process

To qualify for disability benefits, a claimant must show that the claimant is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012) (quoting 42 U.S.C. § 423(d)(1)(A)) (internal quotation marks omitted). The impairment must render the claimant incapable of performing the work the claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

In assessing whether a claimant is disabled, an ALJ is to follow a five-step sequential evaluation process:

(1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

(2) Is the claimant's alleged impairment sufficiently severe to limit the claimant's ability to work? If not, the claimant is not disabled. If so, proceed to step three.

(3) Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is disabled. If not, proceed to step four.

(4) Does the claimant possess the residual functional capacity to perform claimant's past relevant work? If so, the claimant is not disabled. If not, proceed to step five.

(5) Does the claimant's residual functional capacity, when considered with the claimant's age, education, and work

     experience, allow the claimant to adjust to other work that
     exists in significant numbers in the national economy? If so,
     the claimant is not disabled. If not, the claimant is disabled.

Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920); see also Molina, 674 F.3d at 1110 (same).

  The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five. Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001) (citing Tackett, 180 F.3d at 1098); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (claimant carries initial burden of proving disability).

  **B.**  **Standard of Review**

  Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error. Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995)). Courts review only the reasons provided in the ALJ's decision, and the decision may not be affirmed on a ground upon which the ALJ did not rely. See Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007) (citing Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003)).

  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citations and quotations omitted). It is more than a mere scintilla but less than a preponderance. Robbins, 466 F.3d at 882 (citing Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)). To determine whether substantial evidence supports a finding, a court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001)

(quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)). If the evidence can reasonably support either affirming or reversing the ALJ's conclusion, a court may not substitute its judgment for that of the ALJ. Robbins, 466 F.3d at 882 (citing Flaten, 44 F.3d at 1457).

Even when an ALJ's decision contains error, it must still be affirmed if the error was harmless. Treichler v. Commissioner of Social Security Administration, 775 F.3d 1090, 1099 (9th Cir. 2014). An error is harmless if (1) the error was "inconsequential to the ultimate nondisability determination"; or (2) despite the error "the [ALJ's] path may reasonably be discerned[,]" even if the ALJ's decision was drafted "with less than ideal clarity[.]" Id. (quoting Alaska Department of Environmental Conservation v. Environmental Protection Agency, 540 U.S. 461, 497 (2004)) (internal quotation marks omitted). A court may not deem an ALJ's error harmless, however, by using "independent findings based on the evidence before the ALJ[.]" Brown-Hunter v. Colvin, __ F.3d __, 2015 WL 4620123, *4 (9th Cir. Aug. 4, 2015) (citations omitted); see also Marsh v. Colvin, __ F.3d __, 2015 WL 4153858, *2 (9th Cir. July 10, 2015) (district court may not use harmless error analysis to affirm decision "on a ground not invoked by the ALJ") (citing Securities and Exchange Commission v. Chenery Corp., 332 U.S. 194, 196 (1947) (courts must judge propriety of administrative agency decision "solely by the grounds invoked by the agency")).

## IV. DISCUSSION

### A. The ALJ Properly Evaluated the Opinions of Plaintiff's Treating Physician

#### 1. Pertinent Law

In Social Security cases, courts give varying degrees of deference to medical opinions depending on the type of physician who provided them, namely "treating physicians," "examining physicians," and "nonexamining physicians." Garrison v. Colvin, 759 F.3d 995, 1012 (9th Cir. 2014) (citation and quotation

5

marks omitted). A treating physician's opinion is generally given the most weight, and may be "controlling" if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record[.]" 20 C.F.R. § 404.1527(c)(2); Orn, 495 F.3d at 631 (citations and quotation marks omitted). An examining, but non-treating physician's opinion is entitled to less weight than a treating physician's, but more weight than a nonexamining physician's opinion. See id. (citation omitted).

A treating physician's opinion is not necessarily conclusive, however, as to a claimant's medical condition or disability. Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted). An ALJ may reject a treating physician's uncontroverted opinion by providing "clear and convincing reasons supported by substantial evidence in the record." Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998) (citation omitted). Where a treating physician's opinion conflicts with another doctor's opinion, an ALJ may reject the treating opinion "by providing specific and legitimate reasons that are supported by substantial evidence." Garrison, 759 F.3d at 1012 (citation and footnote omitted).

### 2. Analysis

In a Physical Residual Functional Capacity Questionnaire dated April 17, 2013 (AR 266-70), and a Lumbar Spine Residual Functional Capacity Questionnaire dated November 20, 2013, plaintiff's treating physician, Dr. Mark Smith, diagnosed plaintiff with lumbar disc disease, severe osteoarthritis of the right knee, and right sciatica and essentially opined that plaintiff's impairments and related limitations would prevent plaintiff from engaging in any work (collectively "Dr. Smith's Opinions"). (AR 281-85). Plaintiff contends that a remand or reversal is warranted because the ALJ failed properly to consider Dr. Smith's Opinions. (Plaintiff's Motion at 3-5). The Court disagrees.

///

First, the ALJ properly rejected Dr. Smith's Opinions because they were not supported by the physician's own notes or the record as a whole. See <u>Bayliss v. Barnhart</u>, 427 F.3d 1211, 1217 (9th Cir. 2005) ("The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings.") (citation and internal quotation marks omitted); <u>Connett</u>, 340 F.3d at 875 (treating physician's opinion properly rejected where treating physician's treatment notes "provide no basis for the functional restrictions he opined should be imposed on [the claimant]"). For example, the few progress notes that are in the record from Dr. Smith indicate that plaintiff suffered from, among other things, degenerative disc disease of the lumbar spine with decreased range of motion, pain, and weakness, but as the ALJ noted, they otherwise generally reflect that Dr. Smith conservatively treated plaintiff's condition only with medication. (AR 23; <u>see</u> AR 225-34, 243, 274-77). In addition, as the ALJ noted, although Dr. Smith opined that plaintiff was "unable to walk without [a] cane," a consultative examiner noted that plaintiff "was able to do so" when asked. (<u>Compare</u> AR 253 <u>with</u> AR 281); <u>see</u> <u>Rollins v. Massanari</u>, 261 F.3d 853, 856 (9th Cir. 2001) (ALJ properly rejected opinion from treating physician who prescribed conservative treatment and where plaintiff's activities and lack of complaints were inconsistent with physician's disability assessment).

Second, as the ALJ also noted, the medical records suggest that Dr. Smith's Opinions were based, in part, on the assumption that plaintiff needed surgery, even though the consultative neurosurgeon to whom Dr. Smith referred plaintiff expressly found that plaintiff was not a candidate for surgery. (AR 23, 258 [neurosurgery consultation], 266 [Dr. Smith noting plaintiff "needs surgery"]; <u>see also</u> AR 227, 274 [January 23, 2013 progress note indicating that current visit with plaintiff was to follow up on plaintiff's chronic low back pain and to "discuss back surgery [plaintiff] is declining to have"]; AR 275 [March 20, 2013 progress note

indicating, in part, that plaintiff had a neurosurgery evaluation on February 14, 2013 and that "[plaintiff] refuses surgery at this time"]). While plaintiff contends that the objective medical evidence actually supported Dr. Smith's Opinions (Plaintiff's Motion at 4-5), this Court will not second-guess the ALJ's reasonable determination to the contrary, even if the evidence could give rise to inferences more favorable to plaintiff. See Robbins, 466 F.3d at 882 (citation omitted)

      Finally, the ALJ properly rejected Dr. Smith's Opinions in favor of the conflicting opinions of the state-agency examining physician, Dr. Sohail K. Afra (AR 249-54), who essentially determined that plaintiff (i) could lift and/or carry 20 pounds occasionally and 10 pounds frequently; (ii) could walk, stand, and/or sit for six hours out of an eight-hour day; (iii) could occasionally bend, kneel, stoop, crawl, and Crouch; (iv) needed to avoid walking on uneven terrain, climbing ladders, or working at heights ; and (v) "may benefit from having a cane as a means of support for prolonged ambulation; however the cane is not an absolute necessity. . . ." (AR 253). The opinions of Dr. Afra were supported by such physician's independent examination of plaintiff (AR 250-53), and thus, without more, constituted substantial evidence upon which the ALJ could properly rely to reject Dr. Smith's Opinions that plaintiff was precluded from all work. See, e.g., Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001) (examining physician's opinion on its own constituted substantial evidence, because it rested on physician's independent examination of claimant) (citations omitted).

      Accordingly, a remand or reversal on this basis is not warranted.

    **B.**    **The ALJ Properly Evaluated Plaintiff's Credibility**

        **1.**    **Pertinent Law**

    When a claimant provides "objective medical evidence of an underlying impairment which might reasonably produce the pain or other symptoms alleged," and the claimant has not been malingering, the ALJ may discount the credibility of the claimant's subjective symptom testimony only by "offering specific, clear and

convincing reasons for doing so." Brown-Hunter, 2015 WL 4620123, at *5 (citation and internal quotation marks omitted). "General findings are insufficient" to discredit a claimant's subjective complaints. Id. (citations omitted). An ALJ must identify the specific testimony that lacks credibility, provide "clear and convincing reasons" why the testimony is not credible, and identify the specific evidence in the record which supports the ALJ's determination. Id. at *1, *6 (finding legal error where ALJ failed to identify testimony she found not credible and failed "[to] link that testimony to the particular parts of the record supporting her non-credibility determination").

To find a claimant not credible, an ALJ must rely either on reasons unrelated to the subjective testimony (*e.g.*, reputation for dishonesty), internal contradictions in the claimant's statements and testimony, or conflicts between the claimant's testimony and the claimant's conduct (*e.g.*, daily activities, work record, unexplained or inadequately explained failure to seek treatment or to follow prescribed course of treatment). Orn, 495 F.3d at 636; Robbins, 466 F.3d at 883; Burch, 400 F.3d at 680-81; Social Security Ruling 96-7p.

If the ALJ's interpretation of the claimant's testimony is reasonable and is supported by substantial evidence, it is not the court's role to "second-guess" it. Rollins, 261 F.3d at 857 (citation omitted); see also Greger v. Barnhart, 464 F.3d 968, 972 (9th Cir. 2006) (Evaluation of a claimant's credibility and resolution of conflicts in the testimony are solely functions of the Commissioner.) (citation omitted).

### 2. Analysis

Plaintiff contends that a remand or reversal is warranted because the ALJ inadequately evaluated the credibility of his subjective complaints. (Plaintiff's Motion at 5-7). The Court disagrees.

First, the ALJ properly discounted the credibility of plaintiff's complaints of debilitating pain as inconsistent with the "minimal treatment" plaintiff received.

See, e.g., Parra v. Astrue, 481 F.3d 742, 751 (9th Cir. 2007) ("[E]vidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an impairment."), cert. denied, 552 U.S. 1141 (2008) (citation omitted). For example, as discussed above, the ALJ reasonably determined that Dr. Smith had treated plaintiff conservatively only with medication. (AR 22-23, 225-34, 243, 274-77).

Second, the ALJ properly discounted plaintiff's credibility based on plaintiff's failure to seek or follow a course of treatment that was consistent with the alleged severity of plaintiff's pain. See Molina, 674 F.3d at 1113 (when assessing credibility ALJ may properly rely on claimant's "unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment.") (citations and internal quotation marks omitted). For example, as the ALJ noted, despite plaintiff's complaints of disabling pain, the record suggests that plaintiff sought treatment from Dr. Smith only sporadically, and at one point plaintiff did not seek treatment for a period of seven months (*i.e.*, from December 13, 2011 to July 10, 2012). (AR 22) (citing Exhibit 4F at 9-10 [AR 232-33]). In addition, as the ALJ also found, the record suggests that plaintiff was less than fully cooperative at a neurosurgery consultation in February 2013, and plaintiff failed to follow through with "potentially ameliorative treatment" recommendations thereafter. (AR 22). For example, plaintiff said he was "not interested in surgery" before the neurosurgeon even began his examination and during the exam plaintiff "refused to be examined formally in the gown." (AR 22) (citing Exhibit 7F at 2 [AR 257]). After the consultation, the neurosurgeon discussed with plaintiff possible epidural or foraminal block injections to reduce plaintiff's pain, but plaintiff said he was "not interested" in pursuing such treatment. (AR 22) (citing Exhibit 7F at 3 [AR 258]). The neurosurgeon also recommended that plaintiff see a physical therapist, but plaintiff testified at the

///

hearing that the only therapy he had pursued was massage.  (AR 22) (citing Exhibit 7F at 3 [AR 258]; AR 45).

Finally, the ALJ properly discounted plaintiff's credibility because the alleged severity of plaintiff's pain was inconsistent with plaintiff's daily activities.  See Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002) (inconsistency between the claimant's testimony and the claimant's conduct supported rejection of the claimant's credibility).  For example, as the ALJ noted, contrary to plaintiff's allegations of disabling pain (*e.g.*, that by 2011 plaintiff "couldn't move anymore"), plaintiff testified that he was a "stay-at-home" dad, he would spend his days on the computer, he would do dishes and vacuum, and would socialize on-line and at church.  (AR 21-22) (citing AR 44, 46-47).

Accordingly, a remand or reversal on this basis is not warranted.

**C.    The ALJ Properly Evaluated Plaintiff's Residual Functional Capacity**

Plaintiff contends that the ALJ generally failed properly to assess his residual functional capacity.  (Plaintiff's Motion at 7-9).  A remand or reversal is not warranted on any of the three reasons plaintiff asserts.

First, plaintiff contends that the ALJ's residual functional capacity assessment failed properly to account for the significant functional limitations in Dr. Smith's Opinions.  (Plaintiff's Motion at 7-8).  As noted above, however, the ALJ properly rejected Dr. Smith's Opinions for clear and convincing reasons supported by substantial evidence.  Therefore, the ALJ did not err in omitting such functional limitations from his residual functional capacity assessment for plaintiff.

Second, plaintiff contends that a remand is required to permit the ALJ to consider new medical evidence which corroborates plaintiff's impairments and reflects additional function limitations.  (Plaintiff's Motion at 8).  The Court has considered the additional medical records plaintiff submitted to the Appeals

Council ("new records").  (AR 289-345).  See Brewes v. Commissioner of Social Security Administration, 682 F.3d 1157, 1163 (9th Cir. 2012) ("[W]hen the Appeals Council considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence."); see also Taylor v. Commissioner of Social Security Administration, 659 F.3d 1228, 1231 (9th Cir. 2011) (courts may consider evidence presented for the first time to the Appeals Council "to determine whether, in light of the record as a whole, the ALJ's decision was supported by substantial evidence and was free of legal error") (citing Ramirez v. Shalala, 8 F.3d 1449, 1451-54 (9th Cir. 1993)).  Nonetheless, all but a few of the new records pertain to treatment plaintiff received after the ALJ's decision was issued (AR 289-319, 324-45), and the records also contain several duplicate pages (compare AR 291- 307 with AR 327-44).  Moreover, plaintiff has not shown that such records reflect any limitations beyond those for which the ALJ already accounted in the ALJ's residual functional capacity assessment for plaintiff.

Finally, plaintiff correctly points out that the ALJ's decision provides the wrong Dictionary of Occupational Titles ("DOT") code for plaintiff's past relevant work as a purchasing manager. (Compare AR 23 [noting plaintiff's past relevant work as a purchasing manager as "[DOT §] 249.367-066"] with AR 51 [vocational expert referencing "purchasing manager" as "[DOT §] 162.157-038"]).  This obvious scrivener's error, however, was inconsequential to the ALJ's non-disability determination at Step Four.  Specifically, the ALJ's decision correctly reflects the vocational expert's testimony regarding the particular demands of the purchasing manager occupation, and properly relied on such testimony when assessing whether plaintiff could perform the prior work. (Compare AR 23 [ALJ noting that "purchasing manager" occupation was "sedentary work as performed by [plaintiff]" with "SVP 7"] with AR 51 [ vocational expert testimony that

"purchasing manager" occupation classified in DOT as "light work, skilled, SVP 7" but per plaintiff's testimony work was "performed at the sedentary level"]); see generally Villa v. Heckler, 797 F.2d 794, 797-98 (9th Cir. 1986) (at Step Four ALJ must ascertain demands of claimant's former work and compare such demands with claimant's present capacity). Therefore, any error was harmless. Cf., e.g., Butterick v. Astrue, 2010 WL 2610790, *7 (W.D. Okla. May 7, 2010), report and recommendation adopted, 2010 WL 2610291 (W.D. Okla. June 24, 2010) ("obvious typographical error" in ALJ's decision at step five does not warrant remand where ALJ clearly intended to rely on vocational expert's testimony and vocational expert identified two jobs that were available for hypothetical individual with plaintiff's characteristics), aff'd, 430 Fed. Appx. 665 (10th Cir. 2011).

Accordingly, a remand or reversal is not warranted on any of the foregoing grounds.

## V. CONCLUSION

For the foregoing reasons, the decision of the Commissioner of Social Security is affirmed.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: August 11, 2015

                                        /s/
                            Honorable Jacqueline Chooljian
                            UNITED STATES MAGISTRATE JUDGE